UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| CHELSIE JO JOHNSON,<br><br>        Plaintiff,<br><br>vs.<br><br>BROOKINGS POLICE DEPT., BROOKINGS CHILD PROTECTIVE SERVICES,<br><br>        Defendants. | 4:18-CV-04162-RAL<br><br><br><br>ORDER REQUIRING PAYING OF FILING FEE OR RESPONSE |
| CHELSIE JO JOHNSON,<br><br>        Plaintiff,<br><br>vs.<br><br>DEPARTMENT OF SOCIAL SERVICES, SIOUX FALLS, SD;<br><br>        Defendant. | 4:18-CV-04163-RAL<br><br><br><br>ORDER REQUIRING PAYING OF FILING FEE OR RESPONSE |
| NATASHA APPLETON, CHELSIE JO JOHNSON,<br><br>        Plaintiffs,<br><br>vs.<br><br>BIG CITY MOTORS,<br><br>        Defendant. | 4:19-CV-04037-RAL<br><br><br><br>ORDER REQUIRING PAYING OF FILING FEE OR RESPONSE |

These three pro se cases all appear to have been filed by frequent filer Charles Johnson on behalf and for two others. Accordingly, this Court finds it prudent to address the pro se status and intent to prosecute the cases.

First, a pro se plaintiff is only entitled to represent herself and may *not* represent others. Section 1654 of Title 28 of the United States Code provides:

> In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.

28 U.S.C. § 1654. "As a general matter of federal law, an individual proceeding in federal court has the right to present his case prose . . . . " *Leftridge v. Connecticut State Trooper Officer No. 1283*, 640 F.3d 62, 67 (2d Cir. 2011) (referencing 28 U.S.C. § 1654). However, "a non-attorney . . . may not engage in the practice of law on behalf of others." *Jones ex rel. Jones v. Corr. Med. Servs., Inc.*, 401 F.3d 950, 952 (8th Cir. 2005); *see also Crump-Donahue v. U.S. Dep't of Agric.*, No. 407-CV-00511-WRW, 2007 WL 1702567, at *1 (E.D. Ark. June 11, 2007) ("When a non-lawyer attempts to represent the interests of other persons, the practice constitutes the unauthorized practice of law and results in a nullity."); *Gross v. United States*, No. Civ. 06-4211, 2009 WL 368664, at *1 (D.S.D. Feb. 13, 2009) (finding a pro se plaintiff was "not permitted to litigate the claims of [an] Estate or beneficiaries of the Estate, with or without their consent, because doing so would amount to engaging in the [unauthorized] practice of law on behalf of others.") (emphasis added).

Second, Federal Rule of Civil Procedure 11(a) requires that "[e]very pleading, written motion, and other paper shall be signed . . . by the party." Under Rule 11(a) of the Federal Rules of Civil Procedure, each pro se party in the case must sign the pleadings. "Rule 11(a) permits [a litigant] to submit a duplicate containing his signature" to remedy noncompliance with the

signature requirement." *Becker v. Montgomery*, 532 U.S. 757, 760 (2001). A court may strike an unsigned pleading "unless the omission is promptly corrected after being called to the . . . party's attention." Fed.R.Civ.P. 11(a).

The Court suspects that Charles Johnson filed the above captioned cases perhaps without the knowledge of Chelsie Johnson or Natasha Appleton. The Court is familiar with Charles Johnson having been assigned the following cases brought by Charles Johnson: 4:18-CV-04098-RAL, 4:18-CV-04099, 4:18-CV-04140-RAL, 4:18-CV-04157-RAL, 4:18-CV-04164-RAL, 4:18-CV-04165-RAL, 4:18-CV-04166-RAL, 4:19-CV-04002-RAL, 4:19-CV-04034-RAL, 4:19-CV-04035-RAL, 4:19-CV-04036-RAL, 4:19-CV-04038-RAL, 4:19-CV-04041-RAL. Here, the cases appear to be written by Charles Johnson.

Additionally, the above captioned cases were filed at the same time as several of Charles Johnson's other cases. On December 7, 2018, Charles Johnson filed 4:18-CV-04164-RAL, 4:18-CV-04165-RAL, 4:18-CV-04166-RAL. The same day the above captioned cases 4:18-CV-04162-RAL and 4:18-CV-04163-RAL were allegedly filed by Chelsie Jo Johnson. On February 20, 2019, Charles Johnson filed 4:19-CV-04034-RAL, 4:19-CV-04035-RAL, 4:19-CV-04036-RAL, 4:19-CV-04038-RAL, 4:19-CV-04041-RAL, 4:19-CV-04039-RAL. The same day the above captioned case 4:19-CV-04037-RAL was allegedly filed by Chelsie Jo Johnson and Natasha Appleton.

Chelsie Jo Johnson allegedly filed three Application to Proceed in District Court Without Prepaying Fees or Costs in her respective cases. The Applications in 4:18-CV-04162 and 4:18-CV-04163 were allegedly signed by Chelsie Jo Johnson on the same day, but the applications have different responses. The Application in 4:18-CV-04162 is nearly identical to the applications in Charles Johnson's other cases. *See* 4:18-CV-04164-RAL, 4:18-CV-04165-RAL, 4:18-CV-04166-RAL. In Chelsie Jo Johnson's later case with Natasha Appleton, 4:19-CV-0437-RAL, Charles

3

Johnson signed the complaint, completed the CM/ECF Pro Se Litigant Application Form, and signed the Waiver of The Service of Summons. *See* 4:19-CV-0437-RAL at Docs. 1, 3, 4.

Given this Court's concerns in these cases, this Court will allow Plaintiffs the opportunity to notify the Court of their intent to proceed with their cases. Plaintiffs must demonstrate their intent to prosecute in each case by paying the full filing fee or filing new and properly completed individual Applications to Proceed in District Court Without Prepaying Fees or Costs. Charles Johnson may not do so on their behalf.

Accordingly, it is hereby

ORDERED that the currently pending Applications to Proceed in District Court Without Prepaying Fees or Costs by Chelsie Jo Johnsons, Doc. 2, 4:18-CV-04162-RAL; Doc. 2, 4:18-CV-04163-RAL; Doc. 2, 4:19-CV-04037-RAL, and Natasha Appleton, Doc. 2, 4:19-CV-04037-RAL, are denied without prejudice. It is further

ORDERED that Plaintiffs have fourteen (14) calendar days from the date of this order to pay the full $400 filing fee or file new, separate Applications to Proceed in District Court Without Prepaying Fees or Costs in each case. Failure to pay the full filing fee or file new, individual Applications to Proceed in District Court Without Prepaying Fees or Costs will result in the dismissal without prejudice of the complaint.

DATED May 17th, 2019.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE